**BROWN & CONNERY, LLP**
Jennifer A. Harris, Esquire
6 N. Broad Street – Suite 100
Woodbury, New Jersey 08096
(856) 812-8900
*Attorneys for Defendant, TD Bank, N.A.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTOPHER STEWART,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TD BANK, N.A.,**<br><br>**Defendant.** | Civil Action No. 1:23-CV-03708-RBK-SAK<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, TD BANK, N.A. WITH CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2** |

Defendant, TD Bank, N.A. (hereinafter "TD Bank"), hereby responds to the allegations of Plaintiff's Complaint as follows:

### PRELIMINARY STATEMENT

1. The allegations of this paragraph are not directed at TD Bank and therefore no response is required. To the extent a response is required, TD Bank denies the allegations in this paragraph.

2. TD Bank denies the allegations in this paragraph.

3. Admitted in part and denied in part. Admitted only that Plaintiff disputed certain charges to his TD Bank account. The remaining allegations of this paragraph are denied.

4. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the allegations in this paragraph.

5. TD Bank denies Plaintiff's characterization of the subject charges to his TD Bank account. TD Bank admits only that, after an investigation, TD Bank denied the debit card disputes Plaintiff filed on November 1, 2022, November 9, 2022 and November 30, 2022.

6. Admitted in part and denied in part. Admitted only that Plaintiff has attempted to state a claim against TD Bank pursuant to the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq*. The remaining allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, TD Bank denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

7. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent a response is required, TD Bank leaves Plaintiff to his proofs.

8. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent a response is required, TD Bank leaves Plaintiff to his proofs.

9. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent a response is required, TD Bank leaves Plaintiff to his proofs.

## PARTIES

10. TD Bank is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, accordingly, denies same.

11. The allegations in this paragraph contain conclusions of law to which no response is required. By way of further response, TD Bank is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, accordingly, denies same.

12. The allegations of this paragraph contain conclusions of law to which no response is required. To the extent a response is required, TD Bank admits only that it is a national banking association.

13. Admitted.

## FACTS

14. TD Bank denies Plaintiff's characterization of the subject charges to his TD Bank account. By way of further response, TD Bank is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, accordingly, denies same.

15. TD Bank denies Plaintiff's characterization of the subject charges to his TD Bank account. TD Bank admits only that Plaintiff filed debit card disputes on November 1, 2022, November 9, 2022 and November 30, 2022.

16. TD Bank denies Plaintiff's characterization of the subject charges to his TD Bank account. TD Bank admits only that Plaintiff filed debit card disputes on November 1, 2022, November 9, 2022 and November 30, 2022.

17. TD Bank is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, accordingly, denies same.

18. TD Bank denies Plaintiff's characterization of the subject charges to his TD Bank account. TD Bank admits only that Plaintiff filed debit card disputes on November 1, 2022, November 9, 2022 and November 30, 2022.

19. TD Bank denies Plaintiff's characterization of the subject charges to his TD Bank account. TD Bank admits only that Plaintiff disputed charges totaling $20,291.50 that posted to his TD Bank checking account on October 31, 2022.

20. TD Bank is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, accordingly, denies same.

21. The November 15, 2022 letter is a document, the terms of which speak for themselves. TD Bank denies any characterization of the letter that is inconsistent with its terms.

22. TD Bank is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, accordingly, denies same.

23. TD Bank is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, accordingly, denies same. By way of further response, TD Bank denies that any of the debit card charges disputed on November 1, 2022, November 9, 2022 or November 30, 2022 were unauthorized.

24. TD Bank is without sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, accordingly, denies same. By way of further response, TD Bank denies that any of the debit card charges disputed on November 1, 2022, November 9, 2022 or November 30, 2022 were unauthorized.

25. TD Bank denies Plaintiff's characterization of the subject charges to his TD Bank account. TD Bank is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, accordingly, denies same.

26. TD Bank denies Plaintiff's characterization of the subject charges to his TD Bank account. TD Bank admits only that, after an investigation, TD Bank denied the debit card disputes Plaintiff filed on November 1, 2022, November 9, 2022 and November 30, 2022.

# FIRST CLAIM FOR RELIEF

## (Electronic Fund (*sic*) Transfers (*sic*) Act, 15 U.S.C. § 1693 *et seq.*)

27. TD Bank incorporates by reference the preceding paragraphs as if set forth fully herein.

28. The allegations of this paragraph contain conclusions of law to which no response is required. By way of further response, TD Bank denies that the subject transactions were unauthorized.

29. The allegations of this paragraph contain conclusions of law to which no response is required. By way of further response, TD Bank denies that the subject transactions were unauthorized.

30. The allegations of this paragraph contain conclusions of law to which no response is required. By way of further response, TD Bank denies that the subject transactions were unauthorized.

31. The allegations of this paragraph contain conclusions of law to which no response is required. By way of further response, TD Bank denies that the subject transactions were unauthorized.

32. The allegations of this paragraph contain conclusions of law to which no response is required. By way of further response, TD Bank denies that the subject transactions were unauthorized.

33. Denied.

34. Denied.

35. Denied. By way of further response, TD Bank denies Plaintiff's characterization of the disputed charges.

36. Denied.

37. Denied.

38. Denied.

**WHEREFORE**, Defendant TD Bank, N.A. hereby demands judgment dismissing Plaintiff's Complaint in its entirety and further awarding costs, attorneys' fees, and such other relief as deemed appropriate by the Court.

## **SEPARATE AND AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or prescriptive periods.

3. Plaintiff's claims are barred, in whole or in part, by the entire controversy doctrine.

4. Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

6. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, ratification, release, compensation, preemption, final payment, recoupment and/or setoff.

7. Plaintiff lacks standing to assert one or more of the claims in the Complaint.

8. TD Bank has exercised ordinary care and good faith, and it acted in a commercially reasonable manner.

9. TD Bank has complied with all applicable federal and state statutes and regulations.

10. TD Bank did not owe Plaintiff any legal duty under the applicable laws.

11. To the extent that TD Bank owed Plaintiff a legal duty, TD Bank did not breach that duty.

12. To the extent that TD Bank engaged in some conduct alleged in the Complaint, TD Bank was justified in so acting and did so with legal cause and in good faith.

13. Plaintiff has not suffered any damages as result of the alleged acts and/or omissions of TD Bank.

14. Plaintiff failed to mitigate his damages, if any damages were suffered.

15. The damages alleged in the Complaint were caused or contributed to, in whole or in part, by Plaintiff's own conduct.

16. Plaintiff has failed to take advantage of reasonable preventative and/or corrective opportunities to avoid the harms alleged in the Complaint.

17. The damages alleged in the Complaint were caused or contributed to, in whole or in part, by the conduct of other persons over whom TD Bank has no control, and for whose acts and/or omissions TD Bank bears no responsibility or liability.

18. The damages alleged in the Complaint are the proximate result of some superseding or intervening cause or conduct on the part of persons other than TD Bank, and for whose acts and/or omissions TD Bank is neither responsible nor liable.

19. TD Bank has satisfied and discharged each and every obligation, if any, owed to Plaintiff.

20. Plaintiff's requests for statutory damages, actual damages, treble damages and/or attorneys' fees must be dismissed, as there is no factual or legal basis to award such relief based upon the allegations in the Complaint.

21. Plaintiff's claims are barred by the terms of the agreement governing Plaintiff's deposit account with TD Bank.

22. Plaintiff's claims are barred pursuant to the provisions of the EFTA.

23. Plaintiff has not disputed all of the charges referenced in the Complaint and therefore he cannot establish a claim against TD Bank pursuant to the EFTA.

24. TD Bank conducted a good faith investigation into Plaintiff's disputed claims and had a reasonable basis to conclude that the charges were authorized.

25. The transaction(s) alleged by Plaintiff in the Complaint were authorized pursuant to the EFTA.

**BROWN & CONNERY, LLP**
Attorneys for Defendant, TD Bank, N.A.

Dated: August 17, 2023   BY:   *s/ Jennifer A. Harris*
Jennifer A. Harris, Esquire

## RESERVATION OF RIGHTS

TD Bank's Answer and Separate and Affirmative Defenses are based upon currently available information. TD Bank reserves the right to revise, amend, and/or supplement its Answer and Separate and Affirmative Defenses at any time during the course of this litigation.

## DESIGNATION OF TRIAL COUNSEL

Jennifer A. Harris, Esquire is hereby designated as trial counsel for TD Bank in this action.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

**BROWN & CONNERY, LLP**

Dated: August 17, 2023 BY: *s/ Jennifer A. Harris*
Jennifer A. Harris, Esquire

# CERTIFICATE OF SERVICE

I hereby certify that the within Answer and Separate and Affirmative Defenses of TD Bank was served as indicated below on this date:

Deputy Clerk, United States District Court
**United States District Court for the District of New Jersey**
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets - Room 1050
Camden, New Jersey 08101
(*via ECF*)

Daniel A. Schlanger, Esquire
**Schlanger Law Group LLP**
80 Broad Street – Suite 3103
New York, NY 10004
(*via ECF*)
*Attorneys for Plaintiff*

**BROWN & CONNERY, LLP**
*Attorneys for TD Bank, N.A.*

Dated: August 17, 2023  BY: *s/ Jennifer A. Harris*
Jennifer A. Harris, Esquire